See also 424 F.3d 1079.

**CLEAR LOGIC, INCORPORATED,**
Plaintiff–Appellant,

v.

The **FEDERAL INSURANCE COMPA-NY; et al., Defendants–Appellees.**

No. 05–16099.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 11, 2007.

Filed Aug. 3, 2007.

---

David A. Gauntlett, Esq., James A. Lowe, Esq., Gauntlett & Associates, Irvine, CA, for Plaintiff–Appellant.

Stephen L. Newton, Esq., Newton Remmel, Mountain View, CA, John P. Makin, Esq., Enoch Wang, Esq., Greenan Peffer Sallander & Lally LLP, San Ramon, CA, for Defendants–Appellees.

Before: HAWKINS, TASHIMA, and BEA, Circuit Judges.

## MEMORANDUM *

Clear Logic, Inc., appeals the district court's summary judgment in favor of defendants Federal Insurance Company ("Federal") and St. Paul Fire & Marine Insurance Company ("St.Paul"). The district court held that Federal and St. Paul did not have a duty to defend Clear Logic in an action brought against Clear Logic by Altera Corporation ("Altera") for Mask Act infringement,[1] tortious interference with contractual relations, and tortious interference with prospective business advantage. *See Altera Corp. v. Clear Logic, Inc.,* 424 F.3d 1079 (9th Cir.2005). We affirm.

In this California diversity action, we apply California law. Under California law, the existence of a duty to defend under a particular insurance policy is a question of law because it involves the interpretation of a written contract. *See Bank of the West v. Superior Court,* 2 Cal.4th 1254, 1264, 10 Cal.Rptr.2d 538, 833 P.2d 545 (1992). An insurance company "must defend a suit which *potentially* seeks damages within the coverage of the policy." *Gray v. Zurich Ins. Co.,* 65 Cal.2d 263, 275, 54 Cal.Rptr. 104, 419 P.2d 168 (1966). The duty to defend is therefore triggered where the complaint alleges claims covered under the policy, where the complaint could be amended to allege such claims, or where the insurer is aware of extrinsic facts suggesting the existence of such liability. *Montrose Chem. Corp. v. Superior Court,* 6 Cal.4th 287, 299–300, 24 Cal.Rptr.2d 467, 861 P.2d 1153 (1993). A bare "potential" or "possibility" of coverage is sufficient to trigger the duty to defend, and any doubt as to the existence of a defense duty must be resolved in the insured's favor. *Id.* "[T]he determination whether the insurer owes a duty to defend usually is made in the first instance by comparing the allegations of the complaint

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The Mask Act fills the gap between copyright law and patent law, aiming to protect the substantial investment of firms creating semiconductor chips. *See Altera Corp. v. Clear Logic, Inc.,* 424 F.3d 1079 (9th Cir. 2005) (§§ 901–14, also known as the Mask Act).

with the terms of the policy." *Waller v. Truck Ins. Exch., Inc.,* 11 Cal.4th 1, 19, 44 Cal.Rptr.2d 370, 900 P.2d 619 (1995).

Here, the underlying complaint did not trigger either Federal's or St. Paul's duty to defend Clear Logic. The commercial general liability policy St. Paul issued Clear Logic covers only enumerated offenses. The claims alleged in Altera's underlying complaint are not among these offenses. Accordingly, contrary to Clear Logic's contention, St. Paul did not have a duty to defend Clear Logic against these claims.

The commercial general liability policies Federal and St. Paul issued to Clear Logic cover defamation and disparagement. The factual allegations in the underlying complaint that Clear Logic asserts raise potential liability for defamation and disparagement, however, did not trigger Federal's and St. Paul's duty to defend Clear Logic from such claims. Under California law, defamation and disparagement require the publication of a statement that is false. *Smith v. Maldonado,* 72 Cal.App.4th 637, 645, 85 Cal.Rptr.2d 397 (1999) (as modified June 23, 1999); *Leonardini v. Shell Oil Co.,* 216 Cal. App.3d 547, 571–72, 264 Cal.Rptr. 883 (1989). The underlying complaint does not allege or permit the inference that Clear Logic published a false statement. Clear Logic's contention that evidence extrinsic to the underlying complaint triggered Federal's and St. Paul's duty to defend is flawed because facts not known to an insurer do not trigger a duty to defend. *See Montrose Chemical Corp.,* 6 Cal.4th at 296, 24 Cal.Rptr.2d 467, 861 P.2d 1153 (facts triggering duty to defend must be known to the insurer). Here, despite Federal's request for additional information, Clear Logic did not provide Federal or St. Paul the extrinsic evidence on which it now seeks to rely. Finally, the district court's finding that service of the complaint in this action did not constitute a re-tender of the defense is not clearly erroneous. Thus, Clear Logic's attempt to rely on extrinsic evidence provided to Federal and St. Paul after refusal of the tender of defense and after service of the complaint in this action fails.

Clear Logic's contention that the underlying complaint triggered St. Paul's duty to defend Clear Logic under St. Paul's technology errors and omissions policy also fails. That policy covers claims resulting from an error in Clear Logic's provision of computer or electronic products or services. The underlying complaint, however, does not allege or permit an inference that Clear Logic erred in the provision of computer or electronic products or services. Rather, the underlying complaint alleges Clear Logic made an uncovered legal error when interpreting Altera's licensing agreement.

**AFFIRMED.**